UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL OTTO DAHN,

    Plaintiff,

v.                               Case No:   8:15-cv-1227-T-DNF

CAROLYN COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff, Carl Otto Dahn, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for disability insurance benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.  Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If he meets this burden, he will be considered disabled without consideration of age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work.  *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform his past relevant work, then he will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant.  *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for DIB on May 11, 2012, alleging disability beginning October 1, 2009. (Tr. 157-63). Plaintiff subsequently amended his alleged onset date to May 17, 2010. (Tr. 19). Plaintiff's application was denied initially on June 5, 2012, and upon reconsideration on June 26, 2012. (Tr. 107-11, 133-17). At Plaintiff's request, an administrative hearing was held before Administrative Law Judge B.T. Amos (the "ALJ") on November 5, 2013. (Tr. 16-32). On December 17, 2013, the ALJ entered a decision finding that Plaintiff was not under a disability at any time from May 17, 2010, through his date last insured of March 31, 2011. (Tr. 92-102). Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review on March 19, 2015. (Tr. 1-5). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on May 20, 2015. The parties having filed memoranda setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of May 17, 2010, through his date last insured of December 31, 2011. (Tr. 94). At step two, the ALJ found that Plaintiff had one severe impairment: disorders of the spine. (Tr. 94). At step three, the ALJ found that Plaintiff did not

have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 96-97).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform the full range of light work as defined in 20 CFR 404.1567(b)." (Tr. 97). At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as an electrician because such work is performed at the medium level and the claimant can only perform light work. (Tr. 98). At step five, the ALJ found that based on Plaintiff's RFC for a full range of light work, the Grids directed that Plaintiff was "not disabled." (Tr. 99). The ALJ concluded that Plaintiff has not been under a disability from May 17, 2010, the alleged onset date, through December 31, 2011, Plaintiff's date last insured. (Tr. 99).

**II.     Analysis**

On appeal, Plaintiff argues that the ALJ erred at step two by failing to find that Plaintiff's Dupuytren's Contracture ("DC") of the left hand was a severe impairment. Plaintiff contends that the medical record shows that he had ongoing work related limitations in his left hand despite having surgery and physical therapy. (Doc. 18 p. 3). Plaintiff argues that the ALJ's error at step two caused an error in the ALJ's RFC finding. (Doc. 18 p. 8). Finally, Plaintiff argues that his limitations due to DC are "nonexertional" and thus it was improper for the ALJ to rely on the Grids at step five to find that Plaintiff was capable of performing other work. (Doc. 18 p. 9-11).

Defendant argues that it was inconsequential that the ALJ did not include DC as a severe impairment as the finding of any severe impairment is enough to satisfy the requirements of step two. (Doc. 19 p. 4). Additionally, Defendant argues that Plaintiff failed to prove that DC caused limitations not accommodated by the ALJ's RFC finding. (Doc. 19 p. 4).

At step two, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F.App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

In this case, the Court finds that the ALJ did not commit reversible error at step two. While the standard for an impairment to be "severe" is low, Eleventh Circuit case law has made clear that step two is a threshold requirement that is met if an ALJ identifies a single severe impairment. In this case, the ALJ found that Plaintiff had the severe impairment of disorders of the spine and proceeded to the subsequent steps of the evaluation process. (Tr. 94). The ALJ

subsequently stated that he considered all of Plaintiff's symptoms in formulating Plaintiff's RFC. (Tr. 97).

Plaintiff acknowledges that in *Heatly* and *Jamison*, the Eleventh Circuit found that the ALJ's failure to find certain of Heatly and Jamison's impairments "severe" under the regulations was "harmless" since the ALJ in those cases made a general finding at step two that the claimant had "severe impairments." (Doc. 18 p. 8). Plaintiff contends, however, that to apply these holdings in this case would be misplaced because they did not address the situation, here, where the purportedly nonsevere impairment results *in an entirely different type of impairment*. (Doc. 18 p. 8) (emphasis added).

The Court rejects this argument. In *Heatly*, the claimant alleged that the ALJ erred at step two by not finding that his chronic pain syndrome was a severe impairment. In rejecting this claim, the Eleventh Circuit made it clear that it understood step two as a threshold requirement that is satisfied if a single severe impairment is found:

> Even if the ALJ erred in not indicating whether chronic pain syndrome was a severe impairment, the error was harmless because the ALJ concluded that Heatly had a severe impairment: **and that finding is all that step two requires**.

*Heatly*, 382 F. App'x at 824–25 (citations omitted) (emphasis added). The Eleventh Circuit made no suggestion that the threshold nature of step two did not apply when the purportedly "missed" severe impairment is of an entirely different type of impairment.

Likewise, the Eleventh Circuit was clear in *Jamison*:

> At step two the ALJ must determine if the claimant has any severe impairment. This step acts as a filter; if no severe impairment is shown the claim is denied, **but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two**.

*Jamison*, 814 F.2d at 588 (11th Cir. 1987) (citations omitted) (emphasis added). Plaintiff points out that in *Jamison*, the Eleventh Circuit ultimately remanded the case because it was unable to determine if the ALJ considered the claimant's entire medical condition at any step. *Id.* at 588. In this case, however, the ALJ specifically addressed Plaintiff's allegations of left hand pain at step two, and subsequently noted that he "considered all symptoms" in formulating his RFC finding. (Tr. 97). The ALJ satisfied the threshold requirement of step two and any error that he may have made is harmless.

In any event, the record does not show that Plaintiff's DC caused limitations greater than found by the ALJ in his determination that Plaintiff could perform the full range of light work. Plaintiff's treatment records show that in August 2010, several months after his alleged disability onset, Plaintiff decided to have surgery for DC involving his left ring and little finger. (Tr. 282, 366-67). Plaintiff had the surgery in November 2010 and then completed approximately twelve weeks of physical therapy. (Tr. 20, 484-99). Plaintiff acknowledged that he improved with physical therapy and the record shows a gap in treatment for DC until at least April 2012, months after the expiration of Plaintiff's DIB. (Tr. 94, 211, 277, 484-99).

Plaintiff has failed to show that the ALJ erred at step two or that the ALJ's RFC finding is not supported by substantial evidence. The Court finds that contrary to Plaintiff's claim, the ALJ did not err when he utilized the Grids to determine that Plaintiff was not disabled.

**III. Conclusion**

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 19, 2016.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties